IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>CLIENT SERVICES, INC., )<br>)<br>)<br>Defendant. )<br>_____ ) | Civil Action No.<br><br>COMPLAINT<br><br>Jury Trial Demanded |

## COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Mariam Soultan who was adversely affected by such practices. The Equal Employment Opportunity Commission alleges that Defendant Client Services, Inc, discriminated against Mariam Soultan by refusing to accommodate her sincerely held Muslim religious beliefs and practices, which require her to wear a head scarf, and terminating her because of her religion, Muslim.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3); §§2000e-6 and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were, and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Missouri, Eastern Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a Missouri corporation doing business in the State of Missouri and has continuously employed at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than 30 days prior to the institution of this lawsuit, Mariam Soultan filed a charge with the Commission alleging violations of Title VII by Defendant. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least May 2007, Defendant has engaged in unlawful employment practices at its St. Charles, Missouri, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by refusing to accommodate Mariam Soultan's sincerely held Muslim

religious beliefs and practices, which require her to wear a head scarf, and terminating her because of her religion, Muslim.

8. The effect of the practices complained of in paragraph 7, above, has been to deprive Mariam Soultan of equal employment opportunities and otherwise adversely affect Mariam Soutan's status as an employee because of her religion, in violation of Title VII.

9. The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or reckless indifference to the federally protected rights of Mariam Soultan.

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of religion;

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for individuals requiring accommodation of religious beliefs and practices and that eradicate the effects of the unlawful employment practices complained of in Paragraph 7, above;

C. Order Defendant to make Mariam Soultan whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices complained of in Paragraph 7, above;

3

D.  Order Defendant to make Mariam Soultan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of in Paragraph 7, above, in amounts to be determined at trial;

E.  Order Defendant to make Mariam Soultan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7, above, including compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, damage to reputation, and humiliation, in amounts to be determined at trial;

F.  Order Defendant to pay Mariam Soultan punitive damages for its malicious and reckless conduct complained of in paragraph 7, above, in amounts to be determined at trial;

G.  Grant such further relief as the Court deems necessary and proper in the public interest; and

H.  Award the Commission its costs incurred in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JEAN P. KAMP
Acting Regional Attorney

BARBARA A. SEELY
Supervisory Trial Attorney

REBECCA S. STITH
MO#36703, ED#4465
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314) 539-7917
(314) 539-7895 (fax)
rebecca.stith@eeoc.gov